**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RICHARD A. SELLS,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Case No. 2:24-cv-03996** |
| | : | **Judge James L. Graham** |
| | : | **Magistrate Judge S. Courter M. Shimeall** |
| **MEADE & ASSOCIATES, INC.,** | : | |
| **Defendant.** | : | |

**REPORT AND RECOMMENDATION**

This matter is before the Magistrate Judge for a Report and Recommendation as to Defendant Meade & Associates, Inc.'s Motion for Summary Judgment filed on February 16, 2026. (ECF No. 19.) Plaintiff Richard A. Sells did not oppose this Motion.

For the reasons that follow, the Undersigned **RECOMMENDS** that the Court **GRANT** Defendant's Motion for Summary Judgment on Plaintiff's federal claim and decline to exercise supplemental jurisdiction over Plaintiff's state-law claim. (ECF No. 19.)

## I. BACKGROUND AND PROCEDURAL HISTORY

### A. Plaintiff's Alleged Facts (From the Amended Complaint)

Plaintiff alleges that he incurred approximately $23,000 in medical debt owed to Hocking Valley Community Hospital that was later assigned to Defendant for collection, and that beginning in late 2022 Defendant began calling his cellular phone ending in 1593 to collect that debt. (ECF No. 8, at PAGEID ##: 23–24.) He alleges that Defendant's representatives called without identifying Defendant, demanded personal information, made disrespectful statements, and abruptly terminated calls when Plaintiff refused to provide information. (*Id.* at PAGEID #: 24.) Plaintiff further alleges that, after he told Defendant he was unaware of the debt and financially

unable to pay, Defendant continued collection calls and that, despite his demand in November 2023 that Defendant cease all calls and several additional cease-contact requests thereafter, Defendant nonetheless placed numerous collection calls to his cellular phone. (*Id.*) He alleges that Defendant intentionally contacted him to harass, abuse, and coerce him into payment and that these calls disrupted his daily life and caused harms including invasion of privacy, nuisance, wasted time, emotional distress, aggravation, harassment, anxiety, and loss of concentration. (*Id.*)

Based on these allegations, Plaintiff asserts that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, by calling him at inconvenient times, continuing to call after his cease-contact requests, using harassing and abusive tactics, and misrepresenting its legal right to continue calling after learning that its calls were unwelcome. (ECF No. 8, at PAGEID ##: 25–28.) He also alleges that Defendant's conduct constitutes unfair, deceptive, and unconscionable practices in violation of the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code § 1345.02, by repeatedly contacting him and refusing to cease despite his demand and by harassing him with numerous collection calls after he demanded that Defendant stop calling. (*Id.* at PAGEID ##: 28–30.)

**B. Undisputed Material Facts (From the Record Evidence)**

Plaintiff is a natural person, and Defendant Meade & Associates, Inc. is an Ohio corporation that qualifies as a debt collector and operates as a third-party collection agency that uses the mail and telephone in its collection activities. (ECF No. 9, at PAGEID #: 23; ECF No. 19-1, at PAGEID #: 73.)

Plaintiff's FDCPA and OCSPA claims arise out of Defendant's efforts to collect a medical debt allegedly owed by Plaintiff to Hocking Valley Community Hospital. (ECF No. 8, at PAGEID #: 23; ECF No. 19, at PAGEID #: 60.)

Plaintiff's own pleadings allege that Defendant called his cellular telephone ending in 1593 in connection with collection of the subject debt. (ECF No. 8, at PAGEID #: 24.)

Defendant's president, Anthony Martini, attests that Defendant maintains copies of all written correspondence received from consumers in the ordinary course of business and that he diligently searched Defendant's records regarding Plaintiff. He further attests that there is no record of any written communication from Plaintiff and that Defendant received no written request from Plaintiff to cease communications. (ECF No. 19-1, at PAGEID #: 73–74.)

Defendant's business records attached to Martini's declaration show that Plaintiff initiated an inbound telephone call to Defendant on December 19, 2023, from his cellular number ending in 1593. Those records include notes reflecting that Plaintiff was disputing or objecting to discussion of the account, that he demanded Defendant not call him, and that Defendant's staff noted the demand that "we don't call." (ECF No. 19-1, at PAGEID #: 78–79.)

Those same business records show that, following Plaintiff's December 19, 2023 call, Defendant coded the account with "CEASE COMMUNICATION" on December 21, 2023. (ECF No. 19-1, at PAGEID #: 80.)

Martini attests that Defendant did not initiate any telephone calls to Plaintiff after the December 19, 2023 call in which Plaintiff requested that Defendant stop calling him. (ECF No. 19-1, at PAGEID #: 74.)

No evidence in the current record contradicts Martini's testimony that Defendant did not receive any written cease-communication request from Plaintiff and did not initiate calls after December 19, 2023. Plaintiff's allegations of continued calls after that date rest on the Complaint's allegations rather than on contrary call-record evidence. (ECF No. 8, at PAGEID #: 24–25; ECF No. 19-1, at PAGEID #: 73–74, 78–80.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotation marks omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the court may "consider the fact undisputed for purposes of the motion").

The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citation omitted). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts"—"there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

Finally, "[e]ven when faced with an unopposed motion for summary judgment, the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden." *Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (6th Cir. 2013); *see also Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F. App'x 374, 380–81 (6th Cir. 2011). "But '[i]t is not the duty of the district court . . . to search the entire record to determine whether there is a genuine issue of material fact.'" *Cent. Midwest Carpenters Fringe Ben. Funds, Inc. v. WAI Constr. Grp., LLC*, No. 2:25-cv-264, 2025 U.S. Dist. LEXIS 212325, at *4 (S.D. Ohio Oct. 28, 2025) (quoting *Jones v. Kimberly-Clark Corp.*, 238 F.3d 421 (Table) (6th Cir. 2000) (citing *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404 (6th Cir. 1992))). Instead, "[t]he court may rely on the moving party's unrebutted recitation of the evidence in reaching a conclusion that facts are uncontroverted and that there is no genuine issue of material fact." *Id.* (citing *Jones*, 238 F.3d at 421) (further citations omitted).

## III. ANALYSIS

Plaintiff alleges that Defendant's conduct violated various provisions of the FDCPA and OCSPA when it attempted to collect a debt from him. Defendant has moved for summary judgment on both claims, and Plaintiff has not opposed Defendant's motion.

### 1. FDCPA

Generally, to establish a claim under the FDCPA, "a plaintiff must show that a defendant violated one of the substantive provisions of the FDCPA while engaging in debt collection activity." *Clark v. Lender Processing Servs.*, 562 F. App'x 460, 465–66 (6th Cir. 2014).

Plaintiff asserts that Defendant violated certain provisions of the FDCPA through its conduct as alleged under:

a) Section 1692c by contacting him at an "unusual time or place" or a time "known to be inconvenient";

b) Section 1692d by engaging in conduct that harasses, oppresses, or abuses;

c) Sections 1692e, e(2), and e(10) by using false, deceptive, and misleading representation in connection to collection of an alleged debt; and

d) Section 1692f by using unfair and unconscionable means to collect the debt.

(ECF No. 8, at PAGEID ##: 25–28).

The FDCPA was created to protect consumers from "abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Essentially, it "regulates communications with debtors;" "stops harassing actions;" "prohibits false or misleading claims;" and "limits unfair collection methods." *Rankin v. Resurgent Capital Servs., L.P.*, 791 F. Supp. 3d 803, 811 (S.D. Ohio 2025) (cleaned up) (citations omitted).

To survive summary judgment, a plaintiff must demonstrate that: "(1) Plaintiff is a 'consumer' as defined in Section 1692a(3); (2) the 'debt' arises out of a transaction which is 'primarily for personal, family, or household purposes'; (3) Defendant is a 'debt collector' as defined in Section 1692a(6); and (4) Defendant has violated one of the prohibitions in the FDCPA." *Id.* (quoting *Chapman v. Yost*, 2:24-cv-1865, 2024 U.S. Dist. LEXIS 72743, at *4 (S.D. Ohio Apr. 22, 2024)).

For purposes of this Motion, Defendant only challenges prong four, and contends that as a matter of law, Plaintiff has not demonstrated that it violated any provision of the FDCPA. The Court will address each purported FDCPA violation in turn.

### a. *Plaintiff has failed to demonstrate that Defendant violated 15 U.S.C. § 1692c.*

Plaintiff has failed to demonstrate, based on the record, that Defendant contacted him at an unusual time or place or a time known to be inconvenient. The FDCPA prohibits debt collectors from contacting a consumer in connection with debt collection during "any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer." 15

U.S.C. § 1692c(a)(1). Moreover, if a consumer "notifies a debt collector in writing" that it either will not pay the debt or wants the debt collector to cease further communications, the debt collector shall not communicate further with the consumer" except for limited circumstances, such as to advise the consumer it is ceasing its debt collection efforts, or that it may or is invoking certain remedies. *Id.* at § 1692c(c).

Another Court has recently characterized a consumer's options under this FDCPA provision as follows:

> 1. A debtor can write to the debt collector stating that he or she refuses to pay the debt and/or does not wish to receive any further communications, in which case the debt collector must cease communications with the debtor.
>
> 2. A debtor can do nothing, in which case the debt collector may continue to communicate with the debtor during the statutorily prescribed convenient times; or
>
> 3. A debtor can limit the time or place of any communications by making it known to the debt collector that particular times or places are inconvenient for the debtor.

*Cash v. Medicredit Inc.*, No. 3:23-CV-00694, 2024 WL 6971044, at *5 (M.D. Tenn. Oct. 28, 2024).

Here, Plaintiff alleges that Defendant violated § 1692c(a)(1) by contacting him at an "unusual time or place or a time or place known or which should be known to be inconvenient to the consumer" in that all calls were inconvenient because they were unwanted. But Plaintiff did not allege that he pursued any of the three options outlined above.

Moreover, as Defendant contends, Plaintiff never communicated to Defendant *in writing* that it should cease communications, as § 1692c requires. (ECF No. 19, at PAGEID #: 63; *see also* Martini Decl. ECF No. 19-1, at ¶¶ 6–9.); *see also Scheiner v. Portfolio Recovery Assocs.*, LLC, No. 12-518-JGW, 2013 U.S. Dist. LEXIS 184624, at *20 (S.D. Ohio Nov. 4, 2013) (holding that a "plaintiff's oral request to defendant to cease calling was legally ineffectual" under the

FDCPA); (*see also* ECF No. 8, ¶ 19, at PAGEID #: 24) ("[F]ed up with Defendant's calls, Plaintiff answered another call from Defendant and demanded it cease all calls to his phone."). Defendant further contends that once it received Plaintiff's verbal request to cease communications on December 19, 2023, it nevertheless honored that request and did not contact him after that date. (*Id.*) (citing Martini Decl., ECF No. 19-1, ¶ 9, at PAGEID #: 74.) Plaintiff has not introduced evidence to demonstrate that he told Defendant a certain time did not work for calls, or that Defendant initiated calls to him after he requested the calls to stop. He further does not provide any evidence that he ever communicated in writing to Defendant. Accordingly, the Undersigned finds that there are no genuine issues of material fact, and as such, Defendant is entitled to judgment as a matter of law under this theory.

*b. Plaintiff has failed to demonstrate that Defendant violated 15 U.S.C. § 1692d.*

Plaintiff has failed to demonstrate, based on the record, that Defendant's conduct was harassing, oppressive, or abusive. Section 1692d prohibits a debt collector from engaging in conduct that is harassing, oppressive, or abusive in connection with its debt collection efforts. *See* 15 U.S.C. § 1692d. "To successfully state a claim for relief under Section 1692d(5), a plaintiff must allege facts showing that (1) 'the contents of the telephone calls were harassing, abusive or misleading' and (2) that Defendant called Plaintiff with the intent to harass, annoy, or abuse him." *Jones v. Seas & Assocs., LLC*, No. 2:16-cv-02188-STA-tmp, 2016 WL 4146192, at *10 (W.D. Tenn. Aug. 3, 2016) (citations omitted).

Here, Plaintiff alleges that Defendant violated this provision only by placing collection calls to collect the debt after he requested that the calls cease, and such conduct was inherently harassing and abusive. But as discussed above, although he may allege this, he does not offer any evidence to support this contention. Likewise, Plaintiff does not otherwise allege or provide

evidence to support that any specific "contents" of the telephone calls were harassing or abusive, nor has he otherwise established that they were excessive in frequency. Thus, when faced with uncontroverted evidence that Defendant did not place calls after Plaintiff requested that they cease, there is no genuine dispute of material fact, and Defendant is entitled to judgment as a matter of law under this theory.

*c. Plaintiff has failed to demonstrate that Defendant violated 15 U.S.C. §§ 1692e, e(2) or e(10).*

Plaintiff has failed to demonstrate, based on the record, that Defendant used false, deceptive, or misleading representations in connection with its debt collection attempts.

Section 1692e provides in relevant part that: "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. Further, the statute describes, as relevant here, the following conduct as violating this section:

> **(2)** The false representation of—
>
> > **(A)** the character, amount, or legal status of any debt; or
> >
> > **(B)** any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
>
> * * *
>
> **(10)** The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(2), (10).

Here, Plaintiff's theory of liability is that Defendant misrepresented to him that it had a "legal right to continue calling consumers after it is made aware that such calls are unwelcome." (ECF No. 8, ¶ 45, at PAGEID #: 27.) But even if Defendant made such a statement, that allegation is not legally sufficient to establish a violation of § 1692e. Again, as discussed above, Plaintiff

did not establish that he ever requested in writing for Defendant to cease communications with him. Therefore, even if Defendant's representative made such a statement to Plaintiff, it would not constitute a statement that was "materially false or misleading." Additionally, as Defendant contends, Plaintiff did not allege that the statement was material or that it was relied upon by him to his detriment. (*See* ECF No. 19, at PAGEID #68, n.2). Nor did Plaintiff provide evidence that the statement was technically false, misled him, or that he relied upon the information and was then harmed. *See Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 326–27 (6th Cir. 2012) ("[A] statement must be *materially* false or misleading to violate Section 1692e" in that "in addition to being technically false, a statement would tend to mislead or confuse the reasonable unsophisticated consumer."); *see also Merck v. Walmart, Inc.*, 114 F.4th 762, 775 (6th Cir. 2024) ("[T]o allege an informational injury, plaintiffs needed to show that they relied on the information (or lack thereof) that they received—and that the reliance led to some kind of harm."). Accordingly, Defendant is entitled to summary judgment on this theory.

*d. Plaintiff has failed to demonstrate that Defendant violated 15 U.S.C. § 1692f.*

Plaintiff has failed to demonstrate, based on the record, that Defendant used unfair and unconscionable means to collect the alleged debt.

Although the "FDCPA does not define an 'unfair or unconscionable' practice under § 1692f," it does provide "a non-exhaustive list of conduct that rises to that level." *Currier v. First Resol. Inv. Corp.*, 762 F.3d 529, 534 (6th Cir. 2014) (citations omitted). This includes: (1) collecting any amount not authorized by the agreement or permitted by law; (2) accepting postdated payments more than five days in advance without providing written notice at least three but no more than ten business days before depositing; (3) soliciting postdated checks for the purpose of threatening or instituting criminal prosecution; (4) depositing or threatening to deposit

a postdated payment before its stated date; (5) causing a consumer to incur communication charges by concealing the true purpose of the communication (such as through collect calls); (6) taking or threatening nonjudicial action to dispossess or disable property when there is no present right, no intent to take possession, or the property is legally exempt; (7) communicating with a consumer about a debt by postcard; and (8) using any language or symbols on an envelope, other than the address or a non-debt-collection business name, that reveals the purpose of the communication. *See* 15 U.S.C. § 1692f(1)–(8).

Here, the basis to support Plaintiff's FDCPA claim under this FDCPA provision is similar to his support for other provisions—namely that Defendant continued to call him after he asked them not to. Again, because Plaintiff has offered no evidence to contradict Defendant's evidence that he never asked, *in writing*, for communications to cease, and because Defendant otherwise indicates it did cease calling on December 19, 2023, after he verbally requested they do so, Plaintiff has failed as a matter of law to demonstrate that Defendant used unfair and unconscionable means to collect the debt.

**2. OCSPA**

Defendant also moved for summary judgment on Plaintiff's OCSPA claim. Because the Undersigned recommends dismissal of Plaintiff's FDCPA claim, however, the Undersigned further recommends declining supplemental jurisdiction over the OCSPA claim and dismissing it without prejudice under 28 U.S.C. § 1367(c)(3). Indeed, the United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir.

2009) (internal quotations omitted). Here, Plaintiff has only invoked federal question jurisdiction under 28 U.S.C. § 1331. Moreover, there does not appear to be an independent basis for diversity jurisdiction under 28 U.S.C. § 1332 because there is not complete diversity among the parties. Accordingly, because the Undersigned recommends dismissal of Plaintiff's federal FDCPA claim, it is further recommended that the Court decline to exercise supplement jurisdiction over Plaintiff's remaining state-law claim and dismiss such claims without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** that the Court **GRANT** Defendant's Motion for Summary Judgment as to Plaintiff's FDCPA claim, and further **RECOMMENDS** that the Court decline to exercise supplemental jurisdiction over Plaintiff's state-law claim and that such state-law claim be **DISMISSED WITHOUT PREJUDICE**.

## V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report

and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**